**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NANCY A. NOLETTE,

   Plaintiff(s),

v.

ROGER TOBLER, et al.,

   Defendant(s).

2:12-CV-1414 JCM (PAL)

**ORDER**

Presently before the court is defendants' (Roger Tobler, Cam Walker, Duncan McCoy, David Olsen, and City of Boulder City) motion to set aside clerk's entry of defaults against the defendants. (Doc. # 15). Plaintiff has filed a response in opposition (doc. # 17), and defendants filed a reply (doc. # 18).

**I.   Background**

Plaintiff filed a complaint against the defendants on August 9, 2012. (Doc. # 1). The causes of action are against the individual-defendants in their official and individual capacities. (*See* doc. # 1). Plaintiff properly served the defendants on August 14, 2012. (Doc. # 4). Pursuant to Federal Rule of Civil Procedure 12(a), a defendant is allotted 21 days to file an answer or responsive pleading. Under the Nevada equivalent, Nevada Rule of Civil Procedure 12(a)(3), a state defendant

**James C. Mahan**
**U.S. District Judge**

1  is allotted 45 days to file an answer or responsive pleading.[1]

2  Defendants did not file an answer or responsive pleading within 21 days of being served with
3  the complaint. Plaintiff filed motions for the entry of clerk's default. (*See* docs. ## 6-10). The clerk
4  subsequently entered defaults against all the defendants. (Doc. # 12). Four days after the entry of
5  clerk's default, and within the 45 day window allotted by the Nevada rules for political subdivisions
6  and state officers, defendants filed an answer. (Doc. # 13).

## II. Legal Standard

Fed.R.Civ.P. 55© states that "[t]he court may set aside an entry of default for good cause. . . ." "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal citations, quotations, and alterations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

## III. Discussion

The court will address each of the three factors in turn. However, as a preliminary matter, the court notes that section (a)(3) of Nevada Rule 12 properly encompasses the defendants in this case. *See City of Boulder City v. State*, 793 P.2d 845, 846 (Nev. 1990) ("That the City, as a political subdivision of the State of Nevada . . . .") (quoting *City of Reno v. Washoe County*, 580 p.2d 460, 463 (Nev. 1978)).

### A. Culpable conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and *intentionally* failed to answer." *Id.* at 1092 (alteration in original). "[T]o treat a failure

---

[1] Nevada Rule of Civil Procedure 12(a)(3) states in its entirety: "The State of Nevada or any political subdivision thereof, and any officer, employee, board or commission member of the State of Nevada or political subdivision, and any state legislator shall file an answer or other responsive pleading within 45 days after their respective dates of service."

1  to answer as culpable, the movant must have acted with bad faith, such as an intention to take
2  advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the
3  legal process." *Id.*

4  The court finds that defendants were not culpable, nor did they intentionally fail to answer.
5  Defendants represent that they were under the misguided impression that they had 45 days to answer
6  under the Nevada rule for political subdivisions and their officers, and not 21 as required by the
7  federal rule. Defendants made a procedural mistake, which likely happens to every attorney during
8  the course of their career. They should not be overly punished.

9      B.    *Meritorious Defense*

10  "A defendant seeking to vacate a default judgment must present specific facts that would
11  constitute a defense. But the burden on a party seeking to vacate a default judgment is not
12  extraordinarily high." *Mesle*, 615 F.3d at 1094.

13  In defendants' answer, they deny each of the three causes of action alleged against them and
14  assert eighteen affirmative defenses. (*See* doc. # 13). One of the affirmative defenses is that plaintiff
15  has failed to state a claim. (*See id.*). Defendants have met their minimal burden of demonstrating
16  a potentially meritorious defense.

17      C.    *Prejudice*

18  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply
19  delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir.
20  2001). It is obvious that "merely being forced to litigate on the merits cannot be considered
21  prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff
22  would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.*

23  The court finds there would be no prejudice to plaintiff by setting aside the defaults. At this
24  early stage in the proceeding, plaintiff has incurred minimal costs and expended minimal resources.
25  By setting aside the default, plaintiff is only obligated to litigate the lawsuit in the way she initially
26  intended to do so. Finally, there is a strong policy favoring judgments on the merits instead of
27  procedural technicalities.

28

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to set aside defaults (doc. # 15) be, and the same hereby, is GRANTED.

DATED January 14, 2013.

*[signature: James C. Mahan]*
_____
**UNITED STATES DISTRICT JUDGE**