1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

NANCY A. NOLETTE,

2:12-CV-1414 JCM (PAL)

9

Plaintiff(s),

10

v.

11

ROGER TOBLER, et al.,

12

Defendant(s).

13

14

**ORDER**

15          Presently before the court is defendants', Roger Tobler, Cam Walker, Duncan McCoy, and

16     David Olsen, all in their official and individual capacities, and the City of Boulder City, motion to

17     dismiss.  (Doc. # 20).  *Pro se* plaintiff Nancy A. Nolette filed a response in opposition (doc. # 22),

18     and defendants filed a reply. (Doc. # 23).

19     I.      <u>Background</u>

20          Plaintiff's complaint stems from three Eighth Judicial District Court cases summarized

21     below.  Case no. A523265 was filed in June 2006, heard, and ruled on in favor of the

22     City of Boulder City ("Boulder City").   The case was appealed to the Supreme Court of Nevada.

23     The Supreme Court of Nevada affirmed the district court's ruling in an unpublished decision.  The

24     Supreme Court of the United States denied petitioner's petition.  Case nos. A629988 and A629989

25     were heard and ruled on in 2011, then consolidated for purposes of appeal.  At the time the instant

26     complaint was filed in this court, the consolidated appeal was pending before the Supreme Court of

27     Nevada.

28

**James C. Mahan**
**U.S. District Judge**

1          1. Eighth Judicial District Court case no. A523265, filed June 13, 2006.

2          The complaint was filed by Boulder City on June 13, 2006, against defendants

3   Frank Fisher, Dolores Gabay, Nancy Nolette, Sherman Rattner, Don L. Shettel Jr., and Linda

4   Robertshaw requesting a declaratory order providing that the "sell," and "preserve" petitions

5   filed by defendants on April 13, 2006, violate federal, state and local laws, ordinances,

6   regulations and contractual agreements and therefore cannot be placed on the ballots.  In

7   addition, the complaint asks for an injunction or writ prohibiting the Clerk of Boulder City from

8   placing the petitions on the ballot.

9          According to the complaint, defendants, as residents of Boulder City, filed copies of

10  initiative petitions they intended to circulate to gather signatures in order to amend the city

11  charter and adopt city ordinances.  Plaintiff, Boulder City, alleges the four petitions, referred to as

12  "sell" and "preserve" petitions, unlawfully breach the U.S. Fish and Wildlife Permit and 50 C.F.R.

13  § 13.27; unlawfully direct Boulder City to perform a discretionary administrative act through

14  unlawful means; unlawfully direct Boulder City to perform a quasi-judicial act; to unlawfully violate

15  NRS Chapter 278; violate Nevada Law, the Boulder City Charter, federal environment laws and

16  contractual obligations of Boulder City; and that the petitions conflict with NRS § 406.2525 and

17  section 140 of the Boulder City Charter.

18         Boulder City filed a motion for declaratory order, injunction and writ of mandamus or

19  prohibition on June 23, 2006.  Clark County filed a motion to intervene on July 3, 2006.

20  Defendants answered the complaint on July 5, 2006.  On July 20, 2006, the court issued an order

21  granting declaratory, injunctive and extraordinary relief.  The order stated:

22

23         1. Pursuant to NRS 30.040 the "sell" initiatives are hereby declared
           invalid on the basis that they are administrative, rather than
24         legislative; and

25         2. Pursuant to NRS 30.040, the "preserve" initiative are hereby
           declared invalid on the basis that they are administrative, rather than
26         legislative; and

27         3. Pursuant to NRS 33.010, NRS 34.170 and NRS 34.320, the City of
           Boulder City is hereby enjoined and prohibited from placing the "sell"
28

**James C. Mahan**
**U.S. District Judge**                                    - 2 -

1    and "preserve" initiatives on the ballot of Boulder City's next general
     election;

2

3    4. The countermotion(s) of the Defendants are hereby denied as being
     without merit or basis;

4    5. Clark County's Motion to Intervene as a Plaintiff is granted; and

5    6. This Order is a final determination and judgment for all pending
     matters pursuant to NRCP 54.

6

7    After the order was filed, defendants filed an appeal on July 31, 2006.  The Supreme

8    Court of Nevada issued an order of affirmance on September 8, 2006, stating:

9        ...that neither the sell nor preserve initiatives propose measures
         subject to the electorate's initiative power, we affirm the district
10       court's judgment.

11

         As such, the Supreme Court of Nevada affirmed a judgment in favor of the City on
12
     September 12, 2006.
13
         2.  Eighth Judicial District Court case no. A629988, filed November 24, 2010.
14
         The complaint was filed by Boulder City on November 24, 2010, against defendants James
15
     C. Douglas, Frank L. Fisher, Cynthia Harris, Daniel D. Jensen, and Walt Rapp requesting a
16
     declaratory order providing that the "debt initiative" violates state and local laws, ordinances, and
17
     regulations. The complaint also requests a writ providing that Boulder City shall not be required to
18
     and/or shall be allowed to refrain from amending the Boulder City Code.
19
         According to the complaint, defendants, as residents of Boulder City, intended to
20
     gather signatures in order to amend the Boulder City Code by adding the "debt initiative."  The "debt
21
     initiative" sought to mandate and require Boulder City to incur no new debt obligation in the amount
22
     of $1,000,000.00 or more without the approval of the electors of Boulder City in a
23
     general or special election.   The "debt initiative" was placed on the Boulder City ballot and
24
     passed.  Plaintiff,  Boulder City, alleges that budget and debt planning are administrative acts
25
     delegated to the discretionary decision making of a city's governing body through statute and charter.
26
     Boulder City alleges that the "debt initiative" fails to meet the constitutional and legal standards.
27
         The defendants filed a motion to dismiss pursuant to NRS § 41.660 on December 20,
28

James C. Mahan
U.S. District Judge                                      - 3 -

1    2010.  On January 20, 2010, the court heard oral argument and issued an order regarding the motion

2    to dismiss. The court found:

4          [A] conflict exists between NRS 41.650 and NRS 295.061(2); the
            term civil liability is broader than interpreted by Judge Earl as it
5          appears to this Court the dictionary definition encompasses
            declaratory and/or injunctive relief; therefore, there is a conflict
6          between the statutes which renders both statutes valid and
            enforceable. Court FURTHER FINDS, Defendants in this case are not
7          immune automatically under NRS 41.650 as NRS 295.061(2) as
            interpreted by the Beers case does expressly permit them to be sued.
8          In this case the relief that is sought is not based on individualized
            relief particular to these Defendants, the Court FURTHER FINDS,
9          the immunity provisions of NRS 41.650 do not apply in this case;
            therefore, COURT ORDERED, Motion to Dismiss DENIED. Mr.
10         Strickland requested based on the Court's ruling the case be stayed.
            FURTHER ORDERED, Request GRANTED; CASE STAYED and
11         CERTIFIED FORPURPOSES OF APPEAL.

13         After the order was filed, the defendants filed an appeal on January 24, 2011.  The appeal

14   was still pending before the Supreme Court of Nevada when the case at bar was filed.

15         3. Eighth Judicial District Court case no. A629989, filed November 24, 2010.

16         The complaint was filed by Boulder City on November 24, 2010, against defendants

17   James Douglas, Linda F. Henry-Schrick, Daniel D. Jensen, Norbert Kastl, and Nancy Nolette

18   requesting a declaratory order providing that the "appointment initiative" violates state and local

19   laws, ordinances, and regulations.   The complaint also requests a writ providing that Boulder City

20   shall not be required to and/or shall be allowed to refrain from amending the Boulder City Code.

21         According to the complaint, defendants, as residents of Boulder City, intended to

22   gather signatures in order to amend the Boulder City Code by adding the "appointment initiative."

23   The "appointment initiative" purports to enact an ordinance and amend the Boulder City Code to

24   provide that "the maximum amount of service of any person appointed to any particular city

25   committee, board, or commission shall be 12 years for that committee, board or commission." The

26   "appointment initiative" was placed on the Boulder City ballot and passed.  Boulder City alleges

27   defendants failed to draft the "appointment initiative" to a valid legal standard.

28         The defendants filed a motion to dismiss pursuant to NRS § 41.660 on December 20, 2010.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   On January 27, 2011, the court issued a decision and order regarding the motion to dismiss.   The

2   court ordered:

3

4        1. Defendant's special motion to dismiss is denied.

5        2. Pursuant to the Nevada Rules of Civil Procedure §11(c)(1)(b), this
         Court orders Boulder City to show cause why it has not violated
6        subdivision (c)(1)(b) with respect to this lawsuit. The hearing is set
         for February 25, 2011 at 9 a.m. The Court will consider sanctions in
7        the form of dismissal of Defendants with
         leave to amend to challenge the ordinance under N.R.S. §43.00 and
8        payment of Defendant's attorney's fees.

9        3. Except for the show cause hearing, this matter is stayed pending
         further order of this Court or the Nevada Supreme Court.
10

11       The order to show cause was heard on April 1, 2011, and an order was entered.   The order

12   stated:

13

14       THIS COURT FINDS that the multiple lawsuits strategy was
         unjustified. Multiple lawsuits naming individuals where another
15       method is available without naming individuals is a needless increase
         in the cost of litigation rather than the stated goal of cost savings and
16       invited the anti-slapp response.

17       Accordingly, THIS COURT FINDS that this litigation strategy of
         filing separate declaratory relief lawsuits, especially where a more
18       targeted procedure is available in the form of a petition for judicial
         review, is a violation of NRCP 11(b)(1). Dismissal is not appropriate
19       because no ruling has been made on the merits of the petition.

20       As sanctions, THIS COURT ORDERS Boulder City to pay the
         attorneys fees incurred by the Defendants in this third lawsuit in the
21       amount of $10,000.00, (the court reduced the requested fees of
         $15,908.55 by an amount approximating savings from using the same
22       research for both cases) plus costs of $925.49. In addition, Boulder
         City is ordered to consolidate this case with case number
23       A629988, *City of Boulder City v. Rapp,* and to dismiss any Defendant
         who requests dismissal.
24

25       After the order was issued, Boulder City filed an appeal on May 6, 2011.   The Supreme

26   Court of Nevada concluded that the district court order is not substantively appealable and that the

27   Supreme Court lacked jurisdiction.   As such, on July 26, 2012, the appeal was dismissed.   On

28

**James C. Mahan**
**U.S. District Judge**                                              - 5 -

1    February 5, 2013, defendants filed a motion to reinstate case to seek order of contempt on sanctions

2    award and for further proceedings.  On February 21, 2013, Boulder City filed a joinder to the motion

3    to reinstate case and an opposition to the motion for order of contempt.  The motion was heard on

4    March 8, 2013, and the court minutes were issued. The March 8, 2013 minutes read, in pertinent

5    part:

6            ...this case was statistically closed in error and is now reactivated.
             ...
7
             COURT ORDERED plaintiff's to pay the $10,000.00 for sanctions
8            previously ordered, $925.49 for costs and $350.00 sanctions for
             contempt of court. Colloquy between Court and counsel regarding
9            companion cases. Court directed counsel they can file a motion to
             consolidate after Supreme Court Stay has been lifted.

10

11           In summary case no. A523265 was resolved, and both case nos. A629988 and A629989 were

12   pending before the Eighth Judicial District Court when the instant complaint was filed with this

13   court.  These cases are the basis for plaintiff's complaint.

14           On August 9, 2012, plaintiff filed a civil rights complaint in this court pursuant to 42 U.S.C.

15   §§ 1983 and 1988.  Plaintiff's complaint contains three causes of action: (1) constitutional and civil

16   rights pursuant to 42 U.S.C. §§ 1983 and 1988, violation of the First Amendment speech rights; (2)

17   constitutional and civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, violation of First, Ninth, and

18   Tenth popular sovereignty rights; and (3) constitutional and civil rights pursuant to 42 U.S.C. §§

19   1983 and 1988, violation of constitutional rights protected by Nevada Ethics Law. (Doc. #1).

20   Defendants now move to dismiss all claims for lack of jurisdiction under the *Rooker-Feldman* and

21   *Younger* abstention doctrines. (Doc. #20).

22   II.     Legal standard

23   1.  Motion to dismiss

24           A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

25   be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

27   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

28

**James C. Mahan**
**U.S. District Judge**                                    - 6 -

1    District courts are to apply a two-step approach when considering motions to dismiss.

2  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the court must accept as true all well-pled

3  factual allegations in the complaint; however, legal conclusions are not entitled to the assumption

4  of truth.  *Id*. at 1950.  Second, the court must consider whether the factual allegations in the

5  complaint allege a plausible claim for relief.  *Id*. at 1950.

6    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

7  1216 (9th Cir. 2011). The *Starr* court stated, "factual allegations that are taken as true must plausibly

8  suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected

9  to the expense of discovery and continued litigation." *Id.*

10  2.  *Rooker Feldman* Doctrine

11    Federal district courts do not have authority to review the final determination of state courts.

12  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity*

13  *Trust Co.*, 263 U.S. 413, 416 (1923); *see also, Johnson v. DeGrandy*, 512 U.S. 997, 105-06 (1994);

14  *Exxon Mobil Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).  ("[A] party losing

15  in state court is barred from seeking what in substance would be appellate review of the state

16  judgment in a United States District Court, based on the losing party's claim that the state judgment

17  itself violates the loser's federal rights.").   Review of state court decisions can be secured only in

18  the Supreme Court of the United States.  *See Feldman*, 460 U.S. at 482; *Worldwide Church of God*

19  *v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original

20  jurisdiction, has no has no authority to review final determinations of a state court's judicial

21  proceedings.").

22    A district court should consider the following two factors in the "now-familiar test":

23

24    1) If the constitutional claims presented to a United States District
      Court are inextricably intertwined with the state court's denial in a

25    judicial proceeding of a particular plaintiff's application for relief,
      then the District Court is in essence being called upon to review the

26    state court decision. This the District Court may not do.

27    2.)   United States District Courts . . . do not have jurisdiction,
      however, over challenges to state court decisions in particular cases

28

**James C. Mahan**
**U.S. District Judge**                                          - 7 -

1    arising out of judicial proceedings even if those challenges allege that
2    the state court's action was unconstitutional.

3    *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

4    Parties need not directly contest the merits of a state court decision, *Rooker-Feldman*

5    "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de

6    facto appeal from state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136. 1139 (9th Cir.

7    2004) (citing *Bianchi*, 334 F.3d at 898).  De facto appeals are claims raised in the federal court action

8    that are "inextricably intertwined" with the state court's decision to the degree that if the federal

9    court adjudicated the claims it would require the district court to interpret the application of state

10   laws or undercut the state ruling.  *Bianchi*, 334 F.3d at 898.

11    3.  The *Younger* abstention doctrine

12   The *Younger* abstention doctrine prevents federal courts from enjoining pending state court

13   criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an

14   extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S.

15   37, 53-54 (1971).  Subsequently, the Supreme Court of the United States has applied *Younger* to

16   civil cases between private litigants if there is an important state interest involved. *See Juidice v.*

17   *Vail*, 430 U.S. 327 (1977); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).   Under the *Younger*

18   doctrine, federal courts will generally abstain from granting injunctive or declaratory relief that

19   would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d

20   777, 781 (9th Cir. 1987).   If *Younger* abstention applies, a court may not retain jurisdiction, and

21   should dismiss the action. *Juidice,* 430 U.S. at 539.

22   The court has used a four part test to determine if *Younger* abstention is applicable: (1)

23   whether the state proceedings are ongoing; (2) whether the proceedings implicate important state

24   interests; and (3) whether the state proceedings provide an adequate opportunity to raise federal

25   questions. *Middlesex Cnty. Ethics Comm'n  v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982);

26   *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir.1992); *Dubinka v. Judges of the Super. Ct.*, 23

27   F.3d 218, 223 (9th Cir. 1994).  The Ninth Circuit has identified another criteria: (4) whether the

28

**James C. Mahan**
**U.S. District Judge**                                    - 8 -

1    federal action would enjoin the state proceeding or have the practical effect of doing so. *San Jose*

2    *Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087,

3    1092 (9th Cir. 2008).  *Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1167 (9th Cir. 2013).

4          In evaluating the first prong of the *Younger* test, the court looks at the status of the state court

5    proceeding at the time the federal complaint was filed.  *Mission Oaks Mobile Home Park v. City of*

6    *Hollister*, 989 F.2d 359, 360-61 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994); *Beltran v.*

7    *California*, 871 F.2d 777, 782 (9th Cir. 1988).  State proceedings are considered ongoing if appellate

8    remedies have not been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 607-08 (1975).

9          In evaluating the second prong of the *Younger* test, the court must determine if the

10   proceedings are necessary for the vindication of important state policies. *Middlesex Cnty Ethics*

11   *Comm'n*, 457 U.S. at 432 (The state has an important interest in regulating persons who are

12   authorized to practice law in their state and ethical complaints filled against them.);  *Trainor v.*

13   *Hernandez*, 431 U.S. 434, 444 (1977) (Court held safeguarding the fiscal integrity of public assistant

14   programs were an important state policy.).

15         In evaluating the third prong of the *Younger* test, the court must determine if the plaintiff had

16   an opportunity to raise federal questions.  Constitutional claims do not have to be raised in the state

17   court proceeding.  *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619,

18   629 (1986).  It is sufficient that constitutional claims could have been raised.  *Id*.  Absent authority

19   to the contrary, a federal court should presume state court procedures will afford an adequate

20   opportunity for consideration of constitutional claims.  *Pennzoil Co.,* 481 U.S. at 14-15.  An actual

21   hearing is not necessary.  *Juidice,* 430 U.S. at 337.  Plaintiff need only to have sufficient opportunity

22   to fairly pursue their constitutional claims in the ongoing state proceedings.  *Id.*

23         In evaluating the final *Younger* prong, the court must determine if the federal suit would

24   "interfere" with the ongoing state proceeding.  *San Jose Silicon Valley Chamber of Commerce*

25   *Political Action Comm.*, 546 F.3d at 1092.  It is considered interference if the relief sought would

26   enjoin the state proceedings.  *Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001).

27         If all four of the *Younger* requirements are satisfied, abstention is required unless an

28

**James C. Mahan**
**U.S. District Judge**

1   exception to *Younger* applies.  An exception to the *Younger* rule exists if there is a "showing of bad

2   faith, harassment, or some other extraordinary circumstance that would make abstention

3   inappropriate." *Middlesex Cnty Ethics Comm'n*, 457 U.S. at 435.  *Younger* exceptions are vary rare

4   as *Younger* was created to uphold the policies of equity, comity, and federalism.  *Id*. at 437.

5   **III. <u>Discussion</u>**

6     As an initial matter, the court acknowledges that the complaint was filed *pro se.*  (*See* doc.

7   #1).  Documents filed *pro se* are held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89,

8   94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

9   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

10   lawyers.") (internal quotations and dictations omitted).  However, "*pro se* litigants in the ordinary

11   civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v*

12   *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

13     The court finds plaintiff is not entitled to relief because the *Rooker-Feldman* and *Younger*

14   abstention doctrines prevent the court from adjudicating her claims.

15   1. *Rooker-Feldman* doctrine

16     Plaintiff's complaint and response to the motion to dismiss essentially ask the court to

17   conduct a determination independent and separate from the state court proceedings.  However,

18   plaintiff's arguments are either identical to those in the state court proceedings (case no. A523265)

19   or based on alleged constitutional violations arising from the decision of the state court.  Such claims

20   are clearly barred by the *Rooker-Feldman* doctrine.

21     First, the A523265 case is "inextricably intertwined" with the state court's finding against

22   the plaintiff in that action.  In this case and the state case, plaintiff is attempting to enjoin Boulder

23   City from interfering with voter initiatives that have been deemed administrative.  Any review of the

24   federal claim asserted in this case would require this court to review the specific issues addressed

25   in the state court proceedings.  This court would be acting as an appellate court to the state court,

26   something it is not permitted to do.  *Feldman*, 460 U.S. at 482.

27     Second, plaintiff is alleging federal constitutional violations based on proceedings and

28

**James C. Mahan**
**U.S. District Judge**

- 10 -

1   determinations made by the state court.  Plaintiff argues her political speech has been chilled and she

2   has suffered unconstitutional invasions of her power and rights of popular sovereignty under the

3   First, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution because

4   defendants challenged her voter initiatives.  Such claims are clearly barred by the *Rooker-Feldman*

5   doctrine.

6          Finally, the court agrees with the defendant's characterization of the arguments made by

7   plaintiff in her response to the motion to dismiss.  Plaintiff argues that she is "not seeking relief from

8   state court judgment, past or present, erroneous or otherwise." (Doc. #22, 5:15-16).  To the contrary,

9   plaintiff relies on the same facts used to defend herself in the state court proceeding and states the

10   state court cases were decided erroneously.  Therefore, plaintiff's §§ 1983 and 1988 claims constitute

11   a de facto appeal of a state court decision and case number A523265 is barred by the *Rooker-*

12   *Feldman* doctrine.

13   2.  *Younger* abstention doctrine

14          This court cannot interfere with pending state proceedings that meet the *Younger* four part

15   test, absent extraordinary circumstances that caused irreparable injury.  Here, all four parts of the

16   *Younger* test have been met: 1. the federal complaint was filed while state court case nos. A629988

17   and A629989 were pending before the Eighth Judicial District Court;  2. the proceedings involve

18   state and local laws, ordinances, and regulations, which are important state interests; 3. plaintiff had

19   the opportunity to raise federal questions in the state proceedings; and 4.  plaintiff's requested relief

20   enjoining the defendants would have the practical effect of enjoining the state court proceedings.

21   Because all four parts of the *Younger* test have been met, plaintiff must demonstrate that "bad faith,

22   harassment, or some other extraordinary circumstance would make abstention inappropriate."

23   *Middlesex Cnty Ethics Comm'n*, 457 U.S. at 435.  Plaintiff's facts as presented in this case do not

24   rise to the level of bad faith, harassment or extraordinary circumstance.  It follows that plaintiff's §§

25   1983 and 1988 claims based on case nos. A629988 and A629989 are barred by the *Younger*

26   abstention doctrine.  Therefore the court must dismiss the action.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 11 -

1      Accordingly,

2         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

3  dismiss (doc. #20) be, and the same hereby is, GRANTED.  The clerk of the court shall enter

4  judgment and close this case.

5         DATED October 24, 2013.

6

7                                                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 12 -